UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK CONWAY,

        Petitioner,

v.                                              Case Number 16-cv-12445

RANDALL HAAS,                     Honorable Thomas L. Ludington

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

    Petitioner Derrick Conway, a state prisoner presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in 2014 of third-degree criminal sexual conduct in Saginaw County, Michigan and sentenced to imprisonment for eighteen to thirty-five years. He alleges that (1) he was not fully advised of his trial rights before he pleaded no contest, (2) his plea was not knowing and understanding, and (3) his trial counsel failed to investigate his mental capacity and move for a competency hearing. Respondent Randall Haas urges the Court to deny the petition on grounds that Petitioner's claims are meritless and that the state courts' decisions were not contrary to federal law, unreasonable applications of federal law, or unreasonable determinations of the facts. Because the Court agrees that Petitioner's claims do not warrant habeas relief, the petition will be denied.

**I.**

    Following a preliminary examination, Petitioner was bound over to circuit court on three charges of first-degree criminal sexual conduct. The charges arose from allegations that

Petitioner used force or coercion to sexually penetrate a mentally incapacitated woman. On July 7, 2014, Petitioner pleaded guilty[1] to three counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1). He also acknowledged being a habitual offender, Mich. Comp. Laws § 769.12. In return, the prosecutor dismissed the three counts of first-degree criminal sexual conduct and a separate case charging Petitioner with failing to register as a sex offender. In addition, the trial court agreed to sentence Petitioner to eighteen years in prison. On August 20, 2014, the trial court sentenced Petitioner to three concurrent terms of eighteen to thirty-five years in prison.

Petitioner moved to withdraw his plea on grounds that he was not properly advised of his constitutional rights before he entered his plea, that he was under the influence of medication at the time of the plea, and that he was denied effective assistance of counsel due to trial counsel's failure to investigate whether he was mentally competent. The trial court denied Petitioner's motion, and the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Conway*, No. 329068 (Mich. Ct. App. Oct. 29, 2015). The Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Conway*, 878 N.W.2d 841 (Mich. 2016). Finally, on June 28, 2016, Petitioner filed his federal habeas corpus petition, raising the same grounds that he asserted in state court.

**II.**

---

[1] The state-court record refers to the plea as a guilty plea in some places and as a "no contest" plea in other places. The judgment of sentence indicates that it was a no-contest plea, but the presiding judge at the plea hearing repeatedly referenced Petitioner's guilty plea and followed procedures for entering a guilty plea. Accordingly, Petitioner appears to have pleaded guilty, not no contest. Despite the confusion in the state-court record, the legal standard of review is identical for guilty and no-contest pleas. *See Carethers v. Wolfenbarger*, 407 F. App'x 14, 17 (6th Cir. 2011)

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Pursuant to § 2254, the Court may not grant a state prisoner's application for the writ of habeas corpus unless the state court's adjudication of the prisoner's claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412–13 (2000) (O'Connor, J., opinion of the Court for Part II).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

"'In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct,' unless rebutted by 'clear and convincing evidence.' 28 U.S.C. § 2254(e)(1)." *Holland v. Rivard*, 800 F.3d 224, 242 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1384 (2016). Lastly, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.

### A.

Petitioner alleges that his no-contest plea violated his constitutional right to due process because he was not fully advised of the rights he was waiving when he pleaded no contest.

### 1.

Several federal constitutional rights are implicated when an accused pleads guilty in state court. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Consequently, "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397

U.S. 742, 748 (1970). *See also Fitzpatrick v. Robinson*, 723 F.3d 624, 639 (6th Cir. 2013) (noting that "guilty pleas must be entered knowingly, voluntarily, and intelligently in order to be constitutionally effective"). Among other things, "[a] plea may be involuntary . . . because the accused does not understand the nature of the constitutional protections that he is waiving." *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). *See also Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (noting that one factor to be considered when deciding whether a plea was knowing and voluntary is whether the defendant understood the rights he was surrendering by pleading guilty). "[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). But AEDPA deference applies to the Court's review of the state court's decision about the validity of Petitioner's plea. *Fitzpatrick*, 723 F.3d at 639.

**2.**

At the plea proceeding in this case, the trial court did not enumerate the trial rights that Petitioner was waiving by pleading guilty. Instead, the trial court said to Petitioner:

> If the Court accepts your plea, you're going to be giving up various rights, and I want to inquire, did you have an opportunity to review those rights in writing and acknowledge that you do understand you're giving them up with the Court's plea acceptance?

(7/7/14 Plea Tr. at 6.) Petitioner responded, "Yes, sir," and then acknowledged his signature on the waiver-of-rights form. *Id.*

This was an acceptable procedure because, in Michigan, the requirement that a trial court advise a defendant of the rights he or she is waiving by pleading guilty

> may be satisfied by a writing on a form approved by the State Court Administrative Office. If a court uses a writing, the court shall address the defendant and obtain from the defendant orally on the record a statement that the rights were read and understood and a waiver of those rights. The waiver may be obtained without repeating the individual rights.

Mich. Ct. R. 6.302(B)(5).

The record before the Court confirms that Petitioner signed a written waiver of the rights he was waiving by pleading guilty. *See* Answer in Opp'n to Pet. for Writ of Habeas Corpus, App. A. Petitioner nevertheless contends that a general reference to the form at the plea proceeding was insufficient and that his plea was defective because there was no oral advisement of his rights and no express waiver of his trial rights.

There was an express waiver of trial rights, *see id.*, and Petitioner's reliance on Michigan case law to support his argument that the trial court was required to orally recite his trial rights is misplaced, because "[a] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (stating that "federal habeas corpus relief does not lie for errors of state law"). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Petitioner has not pointed to any Supreme Court decision that requires state courts to orally recite the constitutional rights a defendant is waiving by pleading guilty. Furthermore, the Court has found no Supreme Court decision that prohibits state courts from relying on a written waiver of trial rights at a plea proceeding. And because Petitioner's colloquy with the state court indicates that his plea was voluntary, knowing, and intelligent, his due process claim does not warrant habeas relief.

**B.**

Petitioner alleges next that his plea was not understanding and knowing because it was offered while he was taking medication.

**1.**

As noted above, a guilty plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady,* 397 U.S. at 748. The defendant must appreciate the consequences of his waiver of constitutional rights, waive his rights without being coerced to do so, and understand the rights that he is surrendering by pleading guilty. *Ruelas*, 580 F.3d at 408. Additional factors to be considered are whether the defendant understood the essential elements of the offenses to which he was pleading guilty and whether he was aware of the maximum sentence for his crimes. *Id*. at 408-09.

**2.**

Petitioner indicated at the plea proceeding that he understood the constitutional rights he was waiving by pleading guilty, and he was informed of the plea agreement and the maximum sentence for his crimes. He stated that no one had promised him anything other than what was stated in the plea agreement and that no one had threatened him to make him plead guilty. (7/7/14 Plea Tr. at 3–7.) The basis for Petitioner's claim arises from the trial court's subsequent question regarding whether Petitioner was under the influence of alcohol or medications. Petitioner responded that he had recently taken some medication for headaches, sleep, and high blood pressure. Importantly, however, he indicated that he was taking those medications "according to direction." (*Id*. at 7–8.) Petitioner then proceeded to acknowledge the charges to which he was pleading guilty, and he stated that he was pleading guilty freely and voluntarily because he was guilty. He also acknowledged a factual basis for his plea and his prior convictions. (*Id*. at 8–10.)

Petitioner alleges in his supporting brief that he was taking the following medications at the time of his plea: Norvasc, which is used for high blood pressure, chest pain, and other conditions caused by coronary artery disease; Depakote, which is used to treat bipolar disorder, epilepsy, and migraine headaches; and Remeron, which is used to treat depression. Besides certain physical side effects that result from taking these medications, Petitioner asserts that one or both of the latter two drugs can cause confusion, memory problems, depression, and even a risk of suicide.

Petitioner has not alleged that his medications affected him negatively at the time of the plea, and the possibility exists that the medications actually improved the physical and mental symptoms that led a medical professional to prescribe the medications. Further, nothing in the transcript of the plea proceeding suggests that Petitioner was irrational or suffering from impaired judgment at the time of the plea. While it is true that most of Petitioner's responses to the trial court's questions at the plea proceeding were "Yes" or "No" answers, the trial court stated in its order denying Petitioner's motion to withdraw his plea that Petitioner appeared to understand what was taking place at the plea proceeding and that he gave no indication the proceeding was confusing to him. *See People v. Conway*, No. 13-039494-FC, Opinion of the Court (Saginaw Cty Cir. Ct. Aug. 10, 2015), ECF No. 8-14, pages 3-4, Page ID 236-37. The state appellate court, therefore, reasonably rejected Petitioner's claim for lack of merit.

### C.

In his third and final claim, Petitioner alleges that he was deprived of his Sixth Amendment right to effective assistance of trial counsel when counsel failed to investigate his mental capacity and move for a competency hearing.

### 1.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty or no-contest plea, a deficient performance is one that falls below an objective standard of reasonableness or is outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59. The defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

**2.**

The record before the Court indicates that defense counsel *did* ask to have Petitioner evaluated for competence to stand trial. *See* Answer to Pet. for Writ of Habeas Corpus, App. B. Furthermore, Petitioner was actually tested and apparently found to be competent. *See* Saginaw County Docket Sheet, ECF No. 8-1, page 2, Page ID 112. Thus, there is no factual basis for Petitioner's claim that trial counsel failed to investigate his mental competence. He has failed to satisfy *Strickland's* deficient-performance prong.

Petitioner also has failed to satisfy *Strickland's* prejudice prong, as he has not alleged that, but for counsel's allegedly deficient performance, he would have insisted on going to trial and would not have pleaded no contest. Habeas relief is not warranted on Petitioner's claim.

**IV.**

The state appellate court's conclusion that Petitioner's claims lacked merit was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent,

or an unreasonable determination of the facts. The state court's decision clearly was not "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Thus, the petition for a writ of habeas corpus will be denied.

## V.

To obtain a certificate of appealability, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When, as here, a district court rejects a habeas petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

"For the reasons stated in this opinion, the Court will deny [P]etitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right." *Dell v. Straub*, 194 F. Supp.2d 629, 659 (E.D. Mich. 2002). The Court will also deny Petitioner leave to proceed *in forma pauperis* on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## VI.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DENIED and DISMISSED with prejudice**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: August 14, 2017                          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 14, 2017.

                         s/Kelly Winslow
                         KELLY WINSLOW, Case Manager